IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2017 MAR 13 P 1:42
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT

| | |
|---|---|
| TRACY M. KNIGHT, | ) |
| Plaintiff, | ) |
| | ) CASE NO. 1:17-CV-145 |
| V. | ) |
| | ) |
| DOLGENCORP, LLC, | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

## COMPLAINT

### INTRODUCTION

1. This is an action for redress of unlawful sex and pregnancy discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000(e) et seq. The Plaintiff requests a trial by jury of all issues triable to a jury.

### JURISDICTION AND VENUE

2. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331 and 42 U.S.C. §2000e-5(f)(3).

3. Dolgencorp, LLC ("Defendant") employed the Plaintiff in Geneva County, Alabama where the events or omissions giving rise to the Plaintiff's claims occurred. Therefore, venue in the Middle District of Alabama is proper pursuant to 28 U.S.C. §1391.

1

## PARTIES

4. At all relevant times herein, the Plaintiff, Tracy M. Knight ("Plaintiff" or "Knight"), was an Alabama resident over the age of 19 and she was an employee of the Defendant for purposes of Title VII, 42 USC 2000e(f).

5. Dolgencorp, LLC is a Tennessee Corporation registered to do business in Alabama ("Dolgencorp").

6. At all relevant times herein, the Defendant employed more than 15 employees and is therefore considered an employer for purposes of Title VII, 42 USC 2000e(b).

## ADMINISTRATIVE PREREQUISITES

7. Plaintiff timely submitted her charge of discrimination to the EEOC in this matter on March 31, 2016. Defendant Dolgencorp, LLC responded to the charge as the employer. The EEOC Notice of Right to Sue was issued December 13, 2016 and is attached hereto as Exhibit "A." This Complaint is filed within ninety (90) days of Plaintiff's receipt of her EEOC Notice of Rights.

## STATEMENT OF FACTS

8. Dolgencorp, LLC employed Knight as a Food Manager at its Slocomb, Alabama location beginning in March of 2012.

9. Plaintiff became pregnant in early 2016 and by March 2016 her physician advised her to restrict her activities at work so that she should not lift more than 25 pounds and should not climb ladders. Knight obtained this restriction in writing from her physician and on March 3, 2016 she presented these restrictions to her supervisor.

10. As soon as Knight notified her supervisor of her restrictions, her supervisor stated, "Your restrictions make you a liability" and immediately placed Knight on involuntary unpaid leave.

11. Dolgencorp later notified Knight that she could not return to work until after she delivered her child or her physician changed the restrictions placed on Knight due to her pregnancy.

12. Knight was not allowed to return to work for Dolgencorp after this conversation with her supervisor, despite her request to do so.

13. The Defendant did not apply the same criteria to the Plaintiff that was used with other, non-pregnant, employees with similar work restrictions to whom reasonable accommodations are given to allow them to continue to work. Instead, Plaintiff was singled out and effectively terminated by being placed on involuntary leave without pay because of her sex and her pregnancy.

## COUNT I
## TITLE VII – PREGNANCY DISCRIMINATION

14. The Plaintiff re-alleges and incorporates by reference paragraphs 1 through 13 of her Complaint as if fully set out herein.

15. Title VII of the Civil Rights Act of 1964, as amended, prohibits employment discrimination on the basis of sex. It is an unlawful employment practice for an employer to discharge any individual, or otherwise to discriminate against any individual with respect to the person's compensation, terms, conditions, or privileges of employment because of the individual's sex. 42 USC §2000e-2(a).

16. Discrimination "because of sex" also includes, without limitation, discrimination on the basis of pregnancy, childbirth or related medical conditions. 42 USC 2000e(k).

17. The Pregnancy Discrimination Act requires that pregnant employees be treated the same as non-pregnant employees who are similar in ability or inability to work. 42 USC 2000e(k).

18. The Defendant violated Title VII by discriminating against the Plaintiff because of her sex in the terms and conditions of her employment as follows:

   a.) Defendant failed to apply the same criteria to the Plaintiff that was used with other, non-pregnant, employees with similar work restrictions who were allowed to continue their employment with appropriate accommodations for their work restrictions; and

   b.) Defendant effectively terminated Plaintiff by placing her on involuntary leave without pay because of her sex and pregnancy.

19. As the proximate result of the acts and omissions of the Defendant, the Plaintiff suffered damages including loss of past and future earnings, benefits, interest, costs and other pecuniary loss. She has also suffered from severe emotional and mental distress, anguish, humiliation, embarrassment, discomfort and anxiety.

20. The Defendant's discriminatory actions were intentional and done with malice and/or reckless indifference to Knight's federally protected rights and emotional and physical well-being.

21. As the proximate result of the foregoing acts and omissions of the Defendant, the Plaintiff has suffered damages including, but not limited to, lost wages, benefits, and other compensation which were denied her by reason of the violation, together with the interest, and punitive damages. The Plaintiff also seeks an award of attorney's fees, expert witness fees, and other costs of the action to be paid by the Defendant and all other damages allowed by law.

WHEREFORE, the Plaintiff prays that judgment be entered in her favor and against the Defendant herein for all such damages which are allowed by law to redress the wrongs committed in violation of Title VII.

Respectfully submitted this 10th day of March, 2017.

*/s/ Ashton H. Ott*
Ashton H. Ott (ASB-07085-E58A)
Harry P. Hall, II (ASB-1371-L71H)
Farmer, Price, Hornsby & Weatherford, L.L.P.
100 Adris Place (36303)
Post Office Drawer 2228
Dothan, Alabama 36302
Tel:   334/793-2424
Fax:  334/793-6624

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE TO A JURY.**

*/s/ Ashton H. Ott*
Ashton H. Ott

**SERVE DEFENDANT AT:**
Dolgencorp, LLC
c/o CSC Lawyers Incorporating Services, Inc. – Registered Agent
150 South Perry Street
Montgomery, Alabama 36104